UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br><br>INTALCO ALUMINUM LLC,<br><br>                Defendant. | CASE NO. 2:24-cv-01066-LK<br><br>ORDER DENYING MOTION TO ENTER STIPULATION OF SETTLEMENT |

This matter comes before the Court on Plaintiff United States of America's Unopposed Motion to Enter Stipulation of Settlement. Dkt. No. 2. The United States requests that the Court enter a proposed Stipulation of Settlement among the United States, Defendant Intalco Aluminum LLC, and Intalco's parent company Alcoa Corporation as a guarantor to resolve the United States' claims for civil penalties under Sections 110, 112, and 113 of the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401 *et seq.* Dkt. No. 2 at 1; *see also* Dkt. No. 2-1 (proposed stipulation of settlement); Dkt. No. 1 at 4 (identifying Alcoa as Intalco's parent company).

The United States' claims arise from Intalco's alleged violations of (1) Section 112 of the CAA, 42 U.S.C. § 7412, and its implementing regulations, including applicable National

1  Emissions Standards for Hazardous Air Pollutants under 40 C.F.R. Part 63, Subparts A and LL,
2  (2) the permit provisions of Title V of the CAA, its implementing regulations, and Washington's
3  corresponding Title V operating permit program, and (3) the national ambient air quality
4  provisions of Title I of the CAA, including requirements under the Washington State
5  Implementation Plan. Dkt. No. 2 at 1; *see also* Dkt. No. 1 at 1–2, 4–11. Both Intalco and Alcoa
6  consent to the stipulation and neither oppose the United States' motion. Dkt. No. 2 at 2.

7  In determining whether to enter a proposed consent decree,[1] the Court must examine
8  whether the consent decree is procedurally and substantively fair, reasonable, in the public
9  interest, and consistent with the polices of the underlying statute. *United States v. Aerojet Gen.*
10 *Corp.*, 606 F.3d 1142, 1152 (9th Cir. 2010); *see also Sierra Club v. North Dakota*, 868 F.3d
11 1062, 1068 (9th Cir. 2017). Although the Court gives deference to the Government's evaluation
12 of the proposal, *see United States v. Montrose Chem. Corp. of Cal.*, 50 F.3d 741, 746 (9th Cir.
13 1995); *Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 130 (3d Cir. 2016)
14 ("[T]he government's prosecution is entitled to great deference."); *Piney Run Pres. Ass'n v.*
15 *Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008) ("[W]hen presented with a
16 consent decree we must be particularly deferential to the agency's expertise[.]"); *Karr v. Hefner*,
17 475 F.3d 1192, 1197 (10th Cir. 2007) ("Particularly when the EPA chooses to enforce the CWA
18 through a consent decree, failure to defer to its judgment can undermine agency strategy."), the
19 Court cannot simply rubber stamp the parties' proposed decree, *Montrose Chem.*, 50 F.3d at 747.

20 The United States' motion and proposed settlement agreement do not include the facts
21 necessary for the Court to evaluate the above-listed factors. For example, the United States does

---

[1] "A consent decree is essentially a settlement agreement subject to continued judicial policing." *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990) (internal quotation marks and citation omitted). Here, the United States asks the Court to maintain continuing jurisdiction to "interpret[] and enforc[e]" the parties' agreement, Dkt. No. 2-1 at 6, so the Court refers to the proposed settlement as a consent decree.

ORDER DENYING MOTION TO ENTER STIPULATION OF SETTLEMENT - 2

not indicate whether it complied with or is otherwise excepted from the statutory and regulatory notice-and-comment requirements, making it unclear whether the proposed settlement agreement is procedurally fair. *See* 42 U.S.C. § 7413(g); 28 C.F.R. § 50.7(b).[2] Nor can the Court assess procedural fairness without information about the parties' negotiations. *See Oregon*, 913 F.2d at 581 (a consent decree is presumptively valid if it was the product of "good faith, arms-length negotiations"); *In re Tutu Water Wells CERCLA Litig.*, 326 F.3d 201, 207 (3d Cir. 2003) (Because "[p]rocedural fairness requires that settlement negotiations take place at arm's length," a court should "look to the negotiation process and attempt to gauge its candor, openness and bargaining balance." (cleaned up)).[3]

For these reasons, the Court cannot adequately evaluate the proposed decree. The United States' motion is therefore DENIED without prejudice. The parties[4] may file an amended motion addressing the above-listed factors within 30 days of the date of this Order.

Dated this 19th day of August, 2024.

Lauren King
United States District Judge

---

[2] No notice appears to have been filed by the United States in the Federal Register regarding this stipulated settlement agreement.

[3] With respect to substantive fairness, the Court notes that the factors listed in 42 U.S.C. § 7413(e)(1)—the size of the business, the economic impact of the penalty on the business, the violator's full compliance history and good faith efforts to comply, the duration of the violation as established by any credible evidence (including evidence other than the applicable test method), payment by the violator of penalties previously assessed for the same violation, the economic benefit of noncompliance, and the seriousness of the violation—will inform its analysis.

[4] The United States does not provide authority supporting this Court's power to enter a consent decree against a non-appearing party outside the confines of Federal Rule of Civil Procedure 55. Absent such authority, Intalco and Alcoa must appear in the case.